UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELVIN YORK                                                                CIVIL ACTION

VS.                                                                                   NO. 2:20-CV-3377

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Kelvin York respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Kelvin York**, of lawful age and a resident of St. Gabriel, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Williams Company and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. **Defendant, Life Insurance Company of North America** ("LINA"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Hartford Connecticut, and its principal place of business is in the state of Pennsylvania. LINA is therefore a citizen of Connecticut and Pennsylvania.

5. Plaintiff was insured under a group disability plan provided by his employer, the plan provided coverage for long term disability benefits insured by LINA.

6. LINA issued a group long term disability policy insuring the employees of Williams Company. Plaintiff is a beneficiary and insured under the policy.

7. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  <u>29 USC Sec. 1104(a)(1)</u>.

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis or the duties of alternative suitable occupations on a fulltime basis.

9. Plaintiff is disabled under the terms of the disability policy issued by LINA.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. LINA wrongfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

12. Plaintiff appealed the denial, but LINA upheld its previous decision.

13. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

14. Plaintiff has exhausted his administrative remedies and now files this suit to reverse LINA's denial of benefits.

15. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

16. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

17. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

18. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com